# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 17-68195-SMS |
| | : | |
| CAMARIS MARIA LUIS-PAYNE, | : | CHAPTER 13 |
| | : | |
| DEBTOR. | : | |
| ——————————————— | : | |
| NANCY J. GARGULA, | : | |
| UNITED STATES TRUSTEE, REGION 21, | : | |
| | : | |
| MOVANT | : | CONTESTED MATTER |
| | : | |
| ROBERT RICKMAN, ESQ., | : | |
| | : | |
| RESPONDENT | : | |

---

## MOTION FOR REVIEW AND REDUCTION OF ATTORNEY FEE

Nancy J, Gargula, the United States Trustee for Region 21, respectfully moves the Court to review the fee charged by Robert Rickman, Esq., because he failed to adequately perform essential tasks in or in connection with this case. This motion is filed pursuant to Bankruptcy Code section 329, Federal Rule of Bankruptcy Procedure 2017, and General Order 42-2020.

### Identification of Parties

1.

Camaris Maria Luis-Payne filed a petition for relief under chapter 13 of the

Bankruptcy Code on October 18, 2017. Debtor is represented by Robert Rickman ("Attorney Rickman").

2.

Pursuant to Bankruptcy Code section 329 and Federal Rule of Bankruptcy Procedure 2016, Attorney Rickman signed and filed a Disclosure of Compensation of Attorney for Debtor (Official Form 2030). [Dkt. No. 1, Pgs. 55-56] The Form 2030 shows Attorney Rickman charged $3,750 to "render legal services for all aspects of the bankruptcy case." [Dkt. No. 1, Pg. 55]

3.

Camaris Maria Luis-Payne is an "assisted person." 11 U.S.C. § 101(3).

4.

A debt relief agency is a person who provides any bankruptcy assistance to an assisted person in return for the payment of money or other valuable consideration. 11 U.S.C. § 101(12A). Attorney Rickman acted as a debt relief agency in this case.[1]

5.

The United States Trustee is an Executive Branch official who is responsible for "protecting the public interest and ensuring that bankruptcy cases are conducted

---

[1] See *Milavetz, Gallop & Milavetz, P.A. v. United States*, 130 U.S. 1324, 1332 (2010) (attorneys are debt relief agencies when they provide qualifying services to assisted persons).

according to the law." See, 28 U.S.C. § 586 H.R.; Rep. No. 95-595, 95th Cong., 2nd Sess. 109 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6070.  The United States Trustee is a party in interest who, with limited exceptions, has standing to raise, appear, and be heard on any issue in any case or proceeding under title 11. 11 U.S.C. § 307.

## Duties of Debtor's Attorney

6.

As a debt relief agency, Attorney Rickman must not fail to perform any service the informed Camaris Maria Luis-Payne that he would provide in connection with the case.  11 U.S.C. § 526(a)(1).

7.

An attorney for a chapter 13 debtor is required to represent the debtor in all matters related to the case that affect the debtor's interests unless the attorney is permitted to withdraw.  *In re Fees, Expenses, and Costs of Attorneys for Debtors in Chapter 13 Cases*, General Order 42-2020 (Bankr. N.D. Ga. January 6, 2021).

8.

Among other things, attorneys for chapter 13 debtors are required to timely prepare, file, and serve any necessary amended schedules; monitor all incoming case information; and provide any other legal services necessary for the administration of the case. *Id.* at Exhibit A (Rights and Responsibilities Statement).

9.

In chapter 13 cases, it is the debtor's responsibility to file and prosecute the application to employ special counsel, pursuant to Bankruptcy Code section 327(e). *In re Goines*, 11-76654-jrs, (Bank. N.D. Ga., February 8, 2012).

## Employment of Special Counsel

10.

On March 18, 2021, Attorney Rickman filed the Application to Approve Employment of Attorney (the "Application").[2] [Dkt. No. 42]  In the Application, Camaris Maria Luis-Payne requested the Court approve employment of Casey Donahue in connection with a "Personal Injury case that occurred on or about March 12, 2020." [Dkt. 42, Pg. 1]  A Verification under Bankruptcy Rule 2014 is attached to the Application ("Verified Statement").  [Dkt. No. 42 Pg. 3]  The Verified Statement is signed by Gabriella S. Barr, Esq., whose signature was notarized on September 25, 2020. The Retainer Agreement attached to the Application shows an unnamed person retained Kanner & Pintaluga on March 14, 2020, in connection with an "accident or incident" which occurred on or about March 12, 2020. [Dkt. 42, Pgs. 4-6]

---

[2] The certificate of service indicates the Application was served on the United States Trustee at 75 Spring Street. Spring Street was renamed Ted Turner Drive in 2015.

11.

Applications to employ professionals must state specific facts demonstrating the necessity for the employment, the name of the person to be employed, the reasons for the selection, the services to be rendered, any proposed arrangements for compensation, and all of the person's connections with debtor, creditors or another party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee. The application must be accompanied by a verified statement of the person to be employed, containing these same disclosures.

12.

The purpose of Rule 2014's stringent disclosure requirements is to ensure the bankruptcy court is informed of all facts that may be relevant to its determination of disinterestedness. *In re Granite Sheet Metal Works, Inc.*, 159 B.R. 840, 845 (Bankr. S.D. Ill. 1993); *In re Lee*, 94 B.R. 172, 176 (Bankr. C.D. Cal. 1988). "Proper and adequate notice is the most important element in all bankruptcy proceedings. In the context of an employment application, such notice, to be effective, requires disclosure." *In re Automend, Inc.*, 85 B.R. 173, 179 (Bankr. N.D. Ga. 1988). The applicant must not burden the Court or the United States Trustee with the task of identifying disqualifying connections or relationships. Rather, counsel must identify and evaluate all pertinent connections

or relationships. "The Court has no duty to search the file to ferret out information of actual or potential adverse interests or other evidence of noncompliance with 11 U.S.C. § 327. It is the attorney's duty to so warn the Court." *Id*. at 178. "[R]ule ... [2014] does not give the [professional] the right to withhold certain information on the grounds that, in the [professional's] opinion, the connection is of no consequence or is not adverse." *In re Coastal Equities, Inc.,* 39 B.R. 304, 308 (Bankr. S.D. Cal. 1984). See also *In re Arlan's Dept. Stores, Inc.*, 615 F.2d 925, 932 (2d Cir. 1979); *In re Haldeman Pipe & Supply Co.*, 417 F.2d 1302, 1304 (9th Cir. 1969). Even connections that seem to the professional to be trivial must be disclosed. *In re Begun*, 162 B.R. 168, 177 (Bankr. N.D. Ill. 1993).

13.

The Application and the Verified Statement are deficient and neither complies with the specific disclosure requirements of Rule 2014.

14.

The Application does not explain the apparent delay in seeking Court approval for employment of special counsel, who appears to have been retained in March 2020 and who appears to have signed the Verified Statement in September 2020.

15.

Neither the Application nor the Verified Statement indicate Casey Donahue and Gabriella Barr are attorneys with the Kanner & Pintaluga firm. The Retainer Agreement does not include the Debtor's name.

16.

Neither the Application nor the Verified Statement includes a list of special counsel's connections with the debtor, creditors or another party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee. The Application indicates "Casey Donahue does not hold any interest adverse to the Debtor, the Chapter 13 Trustee or to the Chapter 13 Estate" and that "Casey Donahue does not hold any special connections with the creditors, any other party at interest, their respective attorneys and accountants, the United States Trustee, or any person employed by the United States trustee." [Dkt. 42, Pgs. 1-2] The Verified Statement, signed by Gabriella Barr, indicates that she and every person in her office is a "disinterested person" and that neither she nor any member of the office has had "any business, professional, or other connections with the Debtor, the Debtor's attorney, or any party in interest in his (sic) case which would be advise (sic) to this Estate."

**Disclosure of Claim, Settlement**

17.

On March 18, 2021, Attorney Rickman filed a Motion to Approve Settlement and Retain Proceeds, which includes a Settlement Memo from Kanner & Pintaluga dated February 25, 2021. [Dkt. 43]

18.

The schedules have not been amended to disclose this claim or assert an exemption in the net proceeds.

**Review and Reduction of Attorney's Fee**

19.

Bankruptcy Code section 329(b) provides that if an attorney's compensation exceeds the reasonable value of services rendered, the Court may cancel the agreement and order the return of any payment.

20.

Federal Rule of Bankruptcy Procedure 2017 provides that, on motion by the United Sates Trustee, the Court, after notice and a hearing, may determine whether any payment of money or agreement therefore is excessive.

21.

"Section 329 requires the attorney to show that the agreed compensation for the legal services is reasonable." *In re Mahendra*, 131 F.3d 750, 757 (8th Cir.

1997) (citing *In re Rheuban*, 121 B.R. 368, 385 Bankr. C.D. Cal. 1990)). When reviewing an attorney fee's fee pursuant to section 329, the "burden of proof on all issues under 11 U.S.C. § 329 is on the attorney and it is the attorney's burden to come forward with the appropriate proof…to establish that the fee is reasonable." *In re Henkel*, 408 B.R. 699, 701 (Bankr. N.D. Ohio 2009) (citing *In re Robinson*, 189 Fed. Appx. 371, 374 (6th Cir. 2006) and *In re Geraci*, 138 F.3d 314, 318 (7th Cir. 1998)).

22.

Section 329 "assigns to the bankruptcy court the task of determining the reasonable value of the services provided by a debtor's attorney. That reasonable value is not…always the price that a willing debtor has agreed to pay a willing attorney in the marketplace, for by enacting sections 329 and 330 of the Code, Congress placed limits on the role the market will be permitted to play in setting professional fees in bankruptcy cases" *Id.* at 320.   In determining the reasonableness of a given fee, the Court should consider the competence of the performance and the nature of the services. *In re Grant*, 14 B.R. 567, 569 (Bankr. S.D.N.Y. 1981).  Other relevant considerations include "the attorney's legal experience and the failure or success in accomplishing [the] desired result on the debtor's behalf." *In re Ostas*, 158 B.R. 312, 323 (N.D.N.Y. 1993) (internal quotation marks omitted).

23.

General Order 42-2020 provides that "[f]ailure of an attorney to perform all of the attorney's duties set forth in the statement of Rights and Responsibilities may result in the reduction or disgorgement of fees, expenses, and costs in such amount as the Court concludes is appropriate."

24.

The United States Trustee respectfully requests the Court review the reasonableness of Attorney Rickman's fee because the Application he prepared and filed was deficient.

25.

The United States Trustee respectfully requests the Court review the reasonableness of Attorney Rickman's fee because he did not file amended schedules.

WHEREFORE, the United States Trustee requests the Court review the fee charged by Attorney Rickman and reduce the fee to the extent it exceeds the value of services rendered.

    Respectfully submitted,

    NANCY J. GARGULA
    UNITED STATES TRUSTEE
    REGION 21

    *s/ Jeneane Treace*
    R. Jeneane Treace

>Assistant United States Trustee
>Georgia Bar No. 716620
>United States Department of Justice
>Office of the United States Trustee
>362 Richard Russell Federal Building
>75 Ted Turner Drive, SW
>(202) 236-0966
>jeneane.treace@udoj.gov

### CERTIFICATE OF SERVICE

<u>NEF service pursuant to General Order 25-2018</u>

I certify that on April 12, 2021, I will electronically file this pleading using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program. The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Daniel E. Melchi    dmelchi@luederlaw.com
- Robert Scott Rickman    rob@thegeorgialawfirm.com, thegeorgialawfirm@gmail.com;robrickman@gmail.com
- Daniel R. Saeger    thegeorgialawfirm@gmail.com;dan@whitfieldcountylaw.com
- Susan B. Shaw    BKGA@albertellilaw.com
- Cory Patrick Sims    csims@alaw.net, anhsalaw@infoex.com
- Mary Ida Townson    courtdailysummary@atlch13tt.com

>*s/ Jeneane Treace*
>R. Jeneane Treace
>Assistant United States Trustee
>Georgia Bar No. 716620